UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SAINT JOHNS SMITH HAMILTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:24-cv-01155 MTS<br>) |
| DOC UNKNOWN RAWLANI, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of the Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff William Saint Johns Smith Hamilton. Plaintiff alleges he is a civil detainee at the Metropolitan St. Louis Psychiatric Center. Because Plaintiff is a civil detainee and has demonstrated a complete inability to pay the filing fee, the Court will grant his Application. *See Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (litigant that "appear[ed] to be civilly committed" was "not a prisoner within the meaning of the [Prison Litigation Reform Act]"); *see also Jones v. Cuomo*, 2 F.4th 22, 24 (2d Cir. 2021) (civil detainee not a "prisoner" within the meaning of the Prison Litigation Reform Act). But for the reasons explained herein, the Court will transfer this case to the United States District Court for the Western District of Missouri.

Plaintiff brings this case against Dr. Unknown Rawlani and "Unknown Administration" alleging violations of his civil rights cognizable under 42 U.S.C. § 1983.

He asserts that Dr. Rawlani forcibly medicated him during his incarceration at Fulton Treatment Center in Jefferson City, Missouri, after he was treated at the emergency room at St. Mary's Hospital in Cole County, Missouri. Plaintiff's claims arise entirely from events occurring during his incarceration at Fulton Treatment Center, located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Because the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.*

Accordingly,

---

* In addition, considering all the circumstances, the Court believes it best if the transferee district address Plaintiff's Motion for Appointment of Counsel.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is provisionally **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 3rd day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE